**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00169-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JOHN BOWEN,
    Defendant.

---

### DEFENDANT JOHN BOWEN'S MOTION FOR RECONSIDERATION AS TO DISCLOSURE OF REBUTTAL EXPERTS BY DEFENDANT

---

**Mr. Bowen**, through undersigned counsel, respectfully requests that this Honorable Court reconsider its order of September 15, 2014 (Doc. No. 210) as to disclosure of rebuttal expert witnesses and not require Mr. Bowen to disclose his rebuttal expert witnesses at this juncture. As grounds, Mr. Bowen states the following:

1. On May 5, 2014, the Grand Jury returned a 29-count Indictment against Mr. Bowen and certain co-defendants. (Doc. No. 1).

2. Mr. Bowen requested disclosure of a written summary of testimony that the Government intends to use under Fed. R. Evid. 702, 703 and 705 in the Discovery Conference Memorandum and Order. (Doc. No. 109.)

3. On September 10, 2014, the Government disclosed twenty-four potential expert witnesses in a letter to counsel for defendants in the instant case. The Government supplemented the September 10 disclosures with the names of

two proposed experts, one of which had previously been disclosed,[1] on September 30, 2014.

4. On September 15, 2014, this Honorable Court ordered that the Government's Rule 16 expert disclosures were due on October 1, 2014, and Defendants' rebuttal expert witness disclosures are due October 31, 2014. (Doc. No. 210.) Mr. Bowen's deadline by which to file motions is set for November 17, 2014. (Doc. No. 171.)

5. Rule 16(1)(G) of the Federal Rules of Criminal Procedure, unlike Rule 26 of the Federal Rules of Civil Procedure, does not *require* disclosure of proposed expert testimony by either party. Rather, Fed. R. Crim. P. 16 is grounded in the concept of reciprocity. Fed. R. Crim. P. 16(a)(1)(G) states in pertinent part, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence *during its case-in-chief* at trial." (Emphasis added.)

6. Furthermore, Fed. R. Crim. P. 16(b)(1)(C) states:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

7. Conversely, Fed. R. Civ. P. 26 mandates disclosure ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other

---

[1] The Government provided the name of Luke Skifich, a senior forensic chemist at the DEA, in both the September 10 and September 30 Disclosures.

parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705…"). Fed. R. Civ. P. 26(a)(2)(A).

8. Disclosure of a defendant's *rebuttal* expert witnesses is not contemplated by Fed. R. Crim. P. 16, in the same manner that endorsing anticipated impeachment witnesses is not contemplated by the Federal Rules of Criminal Procedure. "Rebuttal evidence may be introduced to explain, repel, contradict or disprove an adversary's proof." *United States v. Morris*, 41 Fed.Appx. 160, 167 (10th Cir. 2002) (quoting *United States v. LiCausi*, 167 F.3d 36, 52 (1st Cir.1999)).

9. Furthermore, the Government is not required to disclose expert rebuttal witnesses in advance of trial, as evidenced by the "during its case-in-chief" language of Fed. R. Crim. P. 16(a)(1)(G). (*See also United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004) (requirement that government must provide defendant with written summary of any expert testimony that it intends to use during its case-in-chief has no application to expert testimony offered in rebuttal); *United States v. Hayden*, 108 F.3d 341, Nos. 96-3097, 96-3098, at 5 (D. Colo. Feb. 27, 1997) ("It is noteworthy, however, the government was not called upon at trial to produce those names, and because they were strictly rebuttal witnesses, the government had no duty to disclose them.")).

10. Thus, Mr. Bowen asks that this Court reconsider its position regarding disclosure of rebuttal expert witnesses at this point in the proceedings to the Government.

11. Mr. Bowen recognizes that a court has the authority to exclude a defense witness as a discovery sanction. *See United States v. Nichols*, 169 F.3d 1255, 1267 (10th Cir. 1999). However, "the exclusion of relevant, probative, and otherwise admissible evidence is an extreme sanction that should be used only when justified by 'some overriding policy consideration.' " *Short v. Sirmons*, 472 F.3d 1177, 1188 (10th Cir. 2006) (quoting *United States v. Davis*, 639 F.2d 239, 243 (5th Cir. 1981)). Mr. Bowen is not suggesting that he wishes to wait until the eve of calling a rebuttal expert witness at trial to inform the Government of the witness. *See Nichols*, 169 F.3d at 1267. Rather, he objects to disclosure of rebuttal expert witnesses at this stage in the proceedings, as he has neither challenged the admissibility of the Government's experts' testimony nor received a ruling on said challenge. Thus, Mr. Bowen is in the untenable position of predicting what testimony may be allowed and how he will disprove said testimony.
12. Finally, the Federal Rules of Criminal Procedure and case law addressing rebuttal witnesses does not contemplate mandatory disclosure of a defendant's proposed rebuttal experts.

**WHEREFORE**, Mr. Bowen respectfully requests that this Honorable Court reconsider its order of September 15, 2014 (Doc. No. 210) as to disclosure of rebuttal expert witnesses and not require Mr. Bowen to disclose his rebuttal expert witnesses.

Respectfully submitted this 31st day of October, 2014.

s/Lisa M. Wayne_____
                                            Lisa Monet Wayne, Esq.
                                            Attorney for John Bowen


## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2014, I filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record:


                                            s/Gwenn Sandrock_____
                                            Gwenn Sandrock