# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## JUDGE PHILIP A. BRIMMER

## COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: August 21, 2015 |
| Court Reporter: Janet Coppock | Time: 2 hours and 28 minutes |
| Probation Officer: Kyla Hamilton | Interpreter: n/a |

**CASE NO.  14-CR-00169-PAB-4**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Jaime Pena |
| | Tonya Andrews |
| Plaintiff, | Special Agent Michael Marshall |
| vs. | |
| **DONALD CREAGER, III,** | Norman Mueller |
| | Laura Menninger |
| Defendant. | |

## SENTENCING

**9:05 a.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and on bond.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Court addresses the defendant's objections to the presentence report.

Page Two
14-CR-00169-PAB-4
August 21, 2015

Argument by Mr. Pena in support of the Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Argument by Mr. Mueller in support of the defendant's Motion for Variant Sentence and comments addressing sentencing.

Argument by Mr. Pena in support of the Government's Motion for a Variant Sentence and comments addressing sentencing.

Defendant addresses the Court.

**ORDERED:** Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance and for a Variant Sentence [Docket No. 678], is **GRANTED**.

**ORDERED:** Defendant's Motion for Variant Sentence [Docket No. 684], is **GRANTED**.

Court states its findings and conclusions.

Defendant entered his plea on **May 13, 2015** to count **One of the Indictment.**

**ORDERED:** Defendant's Plea Agreement is **ACCEPTED.**

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED: Conditions** of Probation are:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.
- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

Page Three
14-CR-00169-PAB-4
August 21, 2015

> ( )      Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:**   **Special Condition** of Probation are:

> (**X**)      Defendant shall be placed on home detention for a period of **one year** to commence as directed by the probation officer. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.
>
> (**X**)      The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
>
> (**X**)      As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
>
> (**X**)      If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.
>
> (**X**)      The defendant shall document all income or compensation generated or received from any source and shall provide such information to the probation officer as requested.
>
> (**X**)      The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.
>
> (**X**)      The defendant shall not conduct any foreign financial transactions without the advance approval of the probation officer
>
> (**X**)      The defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
>
> (**X**)      The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or

Page Four
14-CR-00169-PAB-4
August 21, 2015

      other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
(**X**) The defendant shall not work or engage in any activities involving the use, production, or distribution of synthetic marijuana.
(**X**) All employment for the defendant shall be approved in advance by the supervising probation officer.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** Defendant shall pay a **fine** of **$50,000.00** as directed by the probation officer.

**ORDERED:** Government's Motion Regarding Acceptance of Responsibility as to Donald Creager, III [Docket No. 677], is **GRANTED.**

**ORDERED:** Government's Motion to Dismiss Count 2 of the Indictment at Sentencing as to Donald Creager, III [Docket No. 676], is **GRANTED.**

**ORDERED:** Defendant advised of right to appeal. To the extent to which the defendant has waived some appellate rights, he is directed to consult with the plea agreement and his attorney. Any notice of appeal must be filed within 14 days from entry of judgment.

**ORDERED:** A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:** The Court authorizes Mr. Mueller to provide a copy of the defendant's presentence report to Douglas County District Court, under seal.

**ORDERED**: Bond is exonerated.

**10:33 a.m.** **COURT IN RECESS**

**Total in court time:   88 minutes**

**Hearing concluded**